UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST UNITED METHODIST CHURCH OF HOUMA | CIVIL ACTION |
| VERSUS | No. 22-2265 |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | SECTION I |

ORDER & REASONS

Before the Court is a motion[1] for partial summary judgment filed by defendant Church Mutual Insurance Company, S.I. ("Church Mutual"). Plaintiff First United Methodist Church of Houma ("First United") opposes[2] the motion. For the reasons below, the Court denies the motion.

I.   FACTUAL BACKGROUND

This is an insurance dispute arising from damage to First United's property allegedly sustained during Hurricane Ida in 2021.[3] Church Mutual insured the property.[4] Church Mutual's field inspector, Joey Marlowe ("Marlowe"), conducted an inspection of First United's property on September 29, 2021, and he issued his report on October 11, 2021.[5] His report recommended a total reserve of $250,200 for the

---

[1] R. Doc. Nos. 26 (motion for partial summary judgment) and 38 (reply to plaintiff's memorandum in opposition).
[2] R. Doc. No. 33.
[3] R. Doc. No. 1-1, ¶ 7.
[4] *Id.* ¶ 4.
[5] R. Doc. No. 26-1, at 2; R. Doc. No. 33, at 5.

claim.[6] Church Mutual first tendered "an advance payment" on November 22, 2021, in the amount of $25,000.[7]

On behalf of Church Mutual, on October 28 and November 17, 2021, an engineer and a "roof observer" from MKA International, Inc. ("MKA") also inspected the property.[8] MKA issued an estimate on November 30, 2021.[9] MKA's estimate included a total replacement cost value of $209,843.35.[10] On December 1, 2021, Church Mutual tendered payment to First United in the amount of $67,194.14, after depreciation and application of the deductible.[11]

First United alleges that Church Mutual breached the insurance contract and its duties of good faith and fair dealing, pursuant to La. Stat. Ann. §§ 22:1892 and 22:1973, by failing to timely and adequately compensate First United for covered damage.[12]

## II.    STANDARD OF LAW

### a.    Summary Judgment

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always

---

[6] R. Doc. No. 26-2, at 1–2.
[7] R. Doc. No. 26-1, at 3; R. Doc. No. 33, at 5.
[8] R. Doc. No. 26-1, at 3.
[9] *Id.*
[10] R. Doc. No. 26-4, at 34; R. Doc. No. 38, at 1.
[11] R. Doc. No. 26-1, at 3; R. Doc. No. 33, at 6.
[12] R. Doc. No. 1-1, at 5–6.

bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Likewise, "[a] non-movant will not avoid summary judgment by presenting "speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation and citation omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the

evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Anderson*, 477 U.S. at 255. If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

### III.    ANALYSIS

Church Mutual's motion "requests [a] partial summary judgment finding that the date the Field Adjuster first set foot on the property (September 29, 2021) did not start the clock on the 30-day and 60-day time periods set forth in La. Rev. Stat. 22:1892 / La. Rev. Stat. 22:1973."[13] Church Mutual's motion asserts that no genuine issue of material fact exists as to when the statutory time periods set forth in La. Stat. Ann. §§ 22:1892 and 22:1973 began to run in this case. While Church Mutual does not offer a date on which it asserts it received sufficient proof of loss, it appears to argue that it did not have sufficient proof of loss until after MKA's engineer and roof observer inspected the property and MKA issued its estimate on November 30, 2021.[14]

---

[13] R. Doc. No. 26-1, at 3.

[14] *See id.* ("[A] proof of loss is not satisfactory unless it fully apprises the insurer of the claim. In this case, it is undisputed that: 1. There was no estimate of damage on September 29, 2021 (the date of the initial inspection); 2. An engineer was

Louisiana law establishes that insurers owe certain duties to their insureds when adjusting and paying claims. La. Stat. Ann. § 22:1892 provides a penalty for an insurer's failure to pay a claim within thirty days after receipt of satisfactory proof of loss if the failure was arbitrary, capricious, or without probable cause. La. Stat. Ann. § 22:1973 provides that an insurer owes a duty of good faith and fair dealing to an insured, and it similarly provides a penalty for an insurer's failure to pay a claim within sixty days after receipt of satisfactory proof of loss if the failure was arbitrary, capricious, or without probable cause. These statutes prohibit "virtually identical" conduct, the primary difference being the time periods allowed for payment. *Korbel v. Lexington Ins. Co.*, 308 F. App'x 800, 803 (5th Cir. 2009) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1020 (La. 2003)).

To recover penalties pursuant to these statutes, the insured must establish: "(i) that the insurer received a satisfactory proof of loss, (ii) that the insurer failed to pay the claim within the applicable statutory period, and (iii) that the insurer's failure to pay was arbitrary and capricious." *Grilleta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009) (quoting *Boudreaux v. State Farm Mut. Auto. Ins. Co.*, 896 So. 2d 230, 233 (La. App. 4 Cir. 2005)); *see also Reed*, 857 So. 2d at 1020; *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So. 2d 746, 752 (La. App. 2 Cir. 1999). "A satisfactory proof of loss is one that is sufficient to fully apprise the insurer of the insured's claim." *Pursley v. Lawrence*, No. 21-1776, 2022 WL 1288732, at *2 (E.D. La. Apr. 29, 2022)

---

recommended following the September 29, 2021 inspection; 3. An engineer did inspect the property; and 4. The engineer did prepare an estimate.").

(Lemmon, J.) (quoting *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985)). In other words, "satisfactory proof of loss occurs when the insurer has adequate knowledge of the loss." *In re Hannover Corp. of America*, 67 F.3d 70, 73 (5th Cir. 1995) (citations omitted). Proof of loss is a "'flexible requirement to advise an insurer of the facts of the claim,' and . . . it need not 'be in any formal style.'" *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008).

Louisiana law provides that "satisfactory proof of loss can also be established through the insurer's inspection of the site through its own adjuster." *Wing v. Allstate Vehicle & Prop. Ins. Co.*, No. 21-02173, 2022 WL 11906110, at *3 (W.D. La. Oct. 19, 2022) (quoting *JRA Inc. v. Essex Ins. Co.*, 72 So. 3d 862, 881 (La. Ct. App. 2011)); *see also Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. 18-1060, 2021 WL 1113451, at *5 (M.D. La. Mar. 22, 2021) (collecting cases discussing what constitutes satisfactory proof of loss, including "personal inspection of an insured's property by an independent adjuster[,]" "a handwritten estimate of the cost of repairs[,]" and "proof of insurance, photographs, and salvage information[.]").

"An insurer's conduct depends on the facts known to the insurer at the time of its action, and [the Supreme Court of Louisiana] has declined to assess penalties 'when the insurer has a reasonable basis to defend the claim [such as reasonable and legitimate questions as to the extent of its liability or the loss] and acts in good-faith reliance on that defense.'" *La. Bag*, 999 So. 2d at 1119 (quoting *Reed*, 857 So.2d at 1021). "However, the insurer must pay any undisputed amount, or, where the exact extent of the damage is unclear, any reasonable amount due, within the statutorily

prescribed period in order to avoid penalties under the statutes." *Pursley*, 2022 WL 1288732, at *2 (quoting *La. Bag*, 999 So.2d at 1114–15).

A determination of whether an insurer's failure to pay a claim was arbitrary and capricious is a finding of fact. *Grilleta*, 558 F.3d at 368. Summary judgment is not appropriate when a claim for bad faith penalties depends on factual determinations concerning the reasonableness of the insurer's actions. *Hartenstein v. State Farm Fire & Cas. Ins. Co.*, No. 07–4594, 2008 WL 2397713, at *3 & n. 22 (E.D. La. June 10, 2008) (Africk, J.) (denying motion for summary judgment when the plaintiff's pre-litigation expert presented insurer with information that contradicted the insurer's expert report and created fact issue regarding the reasonableness of the insurer's conduct). Pursuant to "the *Celotex* standard, if the nonmoving party will bear the burden of proof at trial, then it is incumbent upon that party to set out specific facts showing that a genuine issue exists in order to defeat a summary judgment motion." *Gates v. Auto Club Fam. Ins. Co.*, No. 06–4394, 2007 WL 1464259, at *3 (E.D. La. May 17, 2007) (Vance, J.) (granting summary judgment when plaintiffs failed to provide any facts indicating that the insurer's conduct was arbitrary and capricious); *Duhon v. State Farm Mut. Auto. Ins. Co.*, 952 So. 2d 908 (La. Ct. App. 2007) (same).

As stated, Church Mutual's field inspector, Marlowe, conducted an inspection of First United's property on September 29, 2021, and he issued his report on October 11, 2021. Church Mutual first tendered "an advance payment" on November 22, 2021,

in the amount of $25,000.[15] Though Church Mutual's motion highlights portions of

Marlowe's report indicating that further inspection by a structural engineer may be

needed,[16] and that he had not completed his Xactimate estimate at the time the report

was issued,[17] neither statement indicates that Church Mutual lacked sufficient proof

of loss to prevent La. Stat. Ann. §§ 22:1892 and 22:1973's statutory time periods from

beginning to run. [18]Marlowe's October 11 report recommended a reserve of

$250,000,[19] MKA's estimate included a RCV of $209,843.35,[20] and Church Mutual

determined the total replacement cost of First United's claim was $231,604.28 before

depreciation and application of the deductible.[21]

In its reply to First United's opposition, Church Mutual states that it based its

final determination of the claim value on MKA's estimate, which was issued on

November 30, 2021.[22] However, the fact that Church Mutual allegedly relied upon

MKA's report when issuing final payment for the claim does not mean that there is

no genuine issue of material fact as to whether Marlowe's initial report provided

---

[15] *Id.* at 3; R. Doc. No. 33, at 5.
[16] R. Doc. No. 26-1, at 2 (quoting R. Doc. No. 26-2, at 6 ("A structural engineer may be needed for the collapsed wall at the church building at 193 Lake Long Dr.")).
[17] R. Doc. No. 26-1, at 2 (quoting R. Doc. No. 26-2, at 6 ("We are working to prepare our Xactimate estimate to include with our next report.")).
[18] *Cf. Thrasher v. Metro. Prop. & Cas. Ins. Co.*, No. 06-2317, 2007 WL 4553605, at *3 (W.D. La. Dec. 18, 2007) ("Although the adjuster's report did suggest the assignment of an engineer to the claim, we do not view this opinion as one sufficient to suspend the tolling of the statutory period for payment of a claim found to be due indefinitely, or until the insurer sees fit to follow such advice, which is, after all, advice which may be heeded or dismissed.").
[19] R. Doc. No. 26-2, at 1–2.
[20] R. Doc. No. 26-4, at 34.
[21] R. Doc. No. 26-5, at 1.
[22] R. Doc. No. 38, at 1.

sufficient proof of loss, as "satisfactory proof of loss occurs when the insurer has *adequate* knowledge of the loss." *In re Hannover*, 67 F.3d at 73 (emphasis added).

In its statement of material facts presenting genuine issues, First United disputes that Marlowe did not prepare an estimate.[23] First United then notes that Marlowe prepared a report dated October 11, 2021 which contained "an extensive itemization of damages observed by [] Marlowe, evidencing his knowledge of the loss suffered[,]" and which "provided an estimate regarding damages and recommended reserves of at least $250,000.00."[24] First United asserts that these material facts preclude partial summary judgment in favor of the defendant.[25] This Court agrees; as a reasonable jury could find that Church Mutual had adequate knowledge of First United's loss, or at least partial loss, a genuine issue of material fact exists.

Having reviewed the submissions of counsel and the applicable law, the court finds a genuine issue of material fact exists, which precludes summary judgment. Accordingly,

**IT IS ORDERED** that Church Mutual's motion[26] for partial summary judgment is **DENIED**.

New Orleans, Louisiana, February 27, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[23] R. Doc. No. 33-3, at 1.
[24] *Id.* at 2.
[25] *Id.*
[26] R. Doc. No. 26.

9